Cheshire,
No. 5779.

PETER W. SELKOWE & a.

*v.*

RICHARD E. BEAN & a.

Argued September 4, 1968.
Decided December 31, 1968.

*Faulkner, Plaut, Hanna & Zimmerman (Mr. N. Michael Plaut* orally), for the plaintiffs.

*Eric J. Kromphold, Jr.,* city solicitor (by brief and orally), for the defendants.

DUNCAN, J. On January 16, 1968 the plaintiff Selkowe, a newspaper reporter employed by the plaintiff Keene Publishing Corporation, was excluded from a meeting of the finance committee of the Keene city council. The committee consisted of five members of the council, who are defendants herein, and were appointed by the defendant Bean as mayor of the city. The plaintiffs sought an injunction to require that future meetings of the committee be held open to the public. After hearing, the Superior Court (*Loughlin,* J.) enjoined exclusion of the plaintiffs and the public from meetings of the committee except when matters specified by RSA 91-A:3 II (supp) should be under consideration. Questions of law raised by exceptions taken by the defendants, including an exception to denial of their motion to vacate the injunction, were reserved and transferred by the Presiding Justice.

In support of their exceptions, the defendants argue that the provisions of the applicable statute (RSA ch. 91-A (supp), sometimes referred to as the "right to know law") do not apply to subordinate committees of governing bodies whose functions are merely to make recommendations to the parent body (*Adler* v. *City Council,* 184 Cal. App. 2d 763); and that the Trial Court erred in its interpretation of the statute.

At the outset, it seems clear that the finance committee, the meetings of which the plaintiff Selkowe sought to attend, is an agency of the municipal corporation, so that its meetings are included in the term "public proceedings," as defined by section 1 of the statute. RSA 91-A:1 (supp). Section 2 of the statute provides in pertinent part: "All public proceedings are open to the public, and all persons are permitted to attend any meetings

of these bodies and agencies . . . " whose meetings and transactions are defined as "public proceedings" by section 1.

The statute treats the subject of executive sessions from the standpoint of both subject matter, and the taking of final action. See, Open Meeting Legislation, 75 Harv. Law Rev. 1199, 1208, 1209. The directives of section 2 are qualified by section 3 I, which provides: "Nothing contained in this chapter shall be construed to prevent these bodies or agencies from holding executive sessions but any decisions made during any executive session must be recorded and made available for public inspection promptly, and no ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official actions shall be finally approved in executive session."

Section 2 is further made subject to specified exceptions, which are enumerated by section 3 II, permitting a "body, or agency" to exclude the public when it is "considering or *acting upon*" the subject matters therein stated. (Italics supplied). The matters so excepted are commonly regarded as appropriate subjects for consideration behind closed doors. See, 75 Harv. Law Rev. 1199, *supra*, 1208, 1220-1221. See also, Access to Government Information, 54 Cal. L. Rev. 1650, 1657.

The subject under consideration by the defendants when the plaintiff sought admission to the meeting was the annual budget of the city. Later meetings held for the same purpose were also closed meetings. Under the rules of order of the fifteen-member city council the duties of the committee included review of the budget proposed by the city comptroller, and the making of recommendations to the council with respect thereto. By statute, final action upon the budget is required to be taken by the council, following public hearing. RSA 44:10.

The evidence in the case before us is that no "decisions" were made by the finance committee at the meeting which the plaintiff sought to attend, and no final approval given to the budget, or to any recommendation to be made to the city council at these meetings. See, RSA 91-A:3 I (supp), *supra.*

The plaintiffs contend that the injunction was properly entered because the statute restricts the holding of executive sessions to meetings at which only the matters specified by section 3 II of the act are to be considered, and that this is the purport of the Trial Court's ruling that it "construes Subsection Paragraph II . . . to be incorporated, by reference, to Paragraph I."

This interpretation however would deny to section 3 I the significance to which it is properly entitled. As previously pointed out, the broad provisions of section 2 of the statute are qualified or limited by both subsection I and subsection II, of section 3. Subsection I relates specifically to "executive sessions" generally, and permits them so long as no "official actions" are "finally approved" at such sessions. By further exception closed sessions are permitted by section 3 II, if the body is "considering or acting upon" specific subject matter. As to such subjects, we think that final action was intended to be permitted in closed session.

The controlling provisions with respect to the meetings here in question are those of section 3 I. Under this subsection the finance committee could properly meet in executive session for the purpose of reviewing the budget and receiving information relating to it, so long as no final action was taken by the committee and no recommendation to the city council was formulated or agreed upon.

The record fails to show that either the purpose of the meetings or the action taken at them went beyond what section 3 I, permitted. Since the injunction would preclude consideration in closed session of any matter not specified in section 3 II, it would in effect nullify the provisions of section 3 I. Hence it must be held to have been improvidently granted.

*Exceptions sustained, injunction vacated.*

All concurred.