324

Rockingham,
No. 6276.

THERESA C. HERRON

*v.*

NORTHWOOD.

October 5, 1971.

*Joseph L. Clough* ( by brief and orally ) for the plaintiff.

*Scammon, Gage & Whitman* ( *Mr. Robert G. Whitman* orally ) for the defendant.

KENISON, C.J. The principal question in this case is whether RSA 91-A:3( I ) ( supp. ) as amended by Laws 1969, 482:2 ( popularly known as the " right to know " law ) prohibits a town budget committee, following a public hearing, from holding a closed, secret executive session for the purpose of giving final approval to

its recommendations for budget expenditures which are to be acted upon by the voters at the annual town meeting.

The plaintiff, Theresa C. Herron, a citizen and resident of the town of Northwood, New Hampshire, petitioned for injunctive relief under RSA 91-A:7 to enjoin the town from holding a closed executive session of the budget committee on January 30, 1971. At a hearing in the superior court on January 28, 1971, the Court ( *Perkins,* J. ) denied the injunction, dismissed the petition, and reserved and transferred the plaintiff's exception thereto. The petition was initiated following the vote of the town's budget committee, at the second of two public hearings held in accordance with the Municipal Budget Law ( RSA ch. 32 ), to exclude the public from the third and final meeting of the committee at which recommendations would be formulated for action by the voters at the annual town meeting. It is the plaintiff's contention that this action by the budget committee was contrary to the wording and spirit of RSA 91-A:3( I ) ( supp. ) as amended.

The 1969 amendment provided that certain executive sessions must be open to the public. Language was added by Laws 1969, 482:2 to the effect that executive sessions might still be held to conduct " deliberations, but, subject to the provisions of paragraph II, all sessions at which information, evidence or testimony in any form is received shall be open to the public. " There is evidence in the legislative history of the 1969 amendment to indicate that its decision to further restrict the holding of executive sessions was in part a response to the refusal of this court to enjoin exclusion of a newspaper reporter from an executive session of the finance committee of the Keene City Council at which information regarding the budget was being received. *Selkowe* v. *Bean,* 109 N.H. 247, 249 A.2d 35 ( 1968 ); 1969 S. Jour. 1110, 1112-113; *see* Note, Open Meeting Statutes: The Press Fights For The " Right To Know, " 75 Harv. L. Rev. 1199 ( 1962 ); 1 Antieau, Municipal Corporation Law *s.* 4.01, at 173 ( 1965, Supp. 1970 ).

The 1971 amendment, ch. 327, extended the provisions of the statute to the legislature and all its committees, subject to certain enumerated exceptions. *See* RSA 91-A:3( II ) ( e ) ( supp. ). Both amendments indicate a disposition to broaden the statute's scope and application. 1 Yokley, Municipal Corporations *s.* 77 ( 1956, Supp. 1971 ); 4 McQuillin, Municipal Corporations *s.* 13.07a ( rev. vol. 1968, Supp. 1970 ); *Brazer* v. *Borough of Mountainside,* 102 N.J. Super. 497, 246 A.2d 170 ( 1968 ).

That the meetings of the budget committee of the town of Northwood, the final meeting of which plaintiff sought to attend, are included within the term "public proceedings" as defined by RSA 91-A:1( supp. ), is not contested. Unless subject to qualifications enumerated elsewhere in the statute, the directive of RSA 91-A:2 ( supp. ), that, "All public proceedings [as defined by section 1] shall be open to the public . . . . " is determinative of this controversy.

Defendant relies upon the provisions of RSA 91-A:3( I ) ( supp. ), to sustain its position that the trial court ruled correctly. In pertinent part, it provides as follows: "Nothing contained in this chapter shall be construed to prevent these bodies or agencies [affected by the provisions of the statute] from holding executive sessions for conducting deliberations, but . . . . [n]o . . . official actions shall be *finally approved* in executive session except as provided in paragraph II. "( Emphasis added ).

That the statute treats the subject of executive sessions from the standpoint of both subject matter and the taking of final action is settled. *See Selkowe* v. *Bean, supra* at 249, 249 A.2d at 37. However, no contention is made by defendant that the subject matter exceptions of section 3 ( II ) apply to this case. Instead, the town asserts that section I applies to sustain the propriety of holding the executive session in question, contending that, "[F]inal action was taken [on the budget], not by the Committee, but by the voters at the Town and School District meetings. " We disagree with this reasoning. Annot. 38 A.L.R.3d 1070 ( 1971 ).

The function of the budget committee is to "prepare and submit" for action by the town, a budget for school district and town expenditures after holding "at least one public hearing on each budget. " RSA 32:5. This submission is the final step taken by the committee in accordance with the powers and duties delegated to it under RSA ch. 32. That this action is "final" and that it was in this case carried out in executive session is supported by the record.

The construction defendant would have us attribute to the "final approval" provision would frustrate the primary purpose of the statute to permit freedom of access to public records and proceedings. Consistent with this purpose, the general term "final approval" must be read to connote finality *within the scope of the powers delegated* to that board, commission, agency or authority subject to the provisions of the statute. This case is squarely in accord with *Selkowe* v. *Bean*, 109 N.H. 247, 249 A.2d 35

( 1968 ). The evidence in that case established that " no ' decisions ' were made by the finance committee at the meeting which the plaintiff sought to attend, and no final approval given to the budget, or to any recommendation to be made to the city council at these meetings. " *Id.* at 249, 249 A.2d at 36.

The defendant in its brief argues that the budget committee can perform its functions better in executive session. " The members of the Budget Committee, under the Statute, are carefully selected to represent the interests of property taxpayers in the Town. They devote many hours to public service without compensation. It is the feeling of the majority of the members of the Budget Committee of the Town of Northwood, with all due respect to the petitioner's desire for improved municipal government, that they can perform their function of preparing budget recommendations for submission to the Town more effectively and in a more orderly manner if they are permitted, under the law, to do so without the participation of those not elected to the task. " While this argument has merit the legislature has decreed otherwise, and has placed a high premium on the public's right to know. 1 Hardy, Municipal Law and Practice *s.* 16 ( 1971 ); 54 Cal. L. Rev. 1650 ( 1966 ).

The defendant directs our attention to the fact that this meeting which plaintiff sought to attend was held in executive session on January 30, 1971, and hence the question presented is moot. " The question of mootness ' is not subject to rigid rules but seems rather, to be regarded as one of convenience and discretion. ' *Hood & Sons* v. *Boucher*, 98 N.H. 399, 401. A decision upon the merits may be thought justified where there is a pressing public interest involved . . . , or future litigation may be avoided. " *State* v. *Swift*, 101 N.H. 340, 342, 143 A.2d 114, 116 ( 1958 ). *See also Hinse* v. *Burns,* 108 N.H. 58, 226 A.2d 865 ( 1967 ); *Hayes* v. *State*, 109 N.H. 353, 252 A.2d 431 ( 1970 ). We think such an interest is presented by this case with particular reference to future meetings. *See Sugar Hill Improvement Ass'n* v. *Lisbon,* 104 N.H. 40, 42, 178 A.2d 512, 513-14( 1962 ).

The plaintiff's petition for injunctive relief was presumably drafted under the pressure of time and was not a model of clarity. It may have misled the trial court inasmuch as the plaintiff asked for the right to attend " the discussion and vote on every line item. " Of course the right to vote was not a right that she had or now demands. Accordingly we give this opinion prospective effect only and do not invalidate the actions of the town meeting in

passing on the budget committee recommendations. *Madbury* v. *Durham*, 108 N.H. 474, 240 A.2d 760 ( 1968 ).

*Plaintiff's exception sustained.*

All concurred.