Water Supply and Pollution Control Commission
No. 6897

SOCIETY FOR THE PROTECTION OF
NEW HAMPSHIRE FORESTS

AUDUBON SOCIETY OF NEW HAMPSHIRE

v.

WATER SUPPLY AND POLLUTION CONTROL COMMISSION

April 30, 1975

*Devine, Millimet, Stahl & Branch* and *Robert A. Backus (Mr. Backus* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the State.

PER CURIAM. The plaintiffs are presently appealing under RSA ch. 541 an order and decision of the water supply and pollution control commission granting a permit to the Public Service Company for the construction of nuclear generating electrical units. This is a motion to complete the record of that order and decision of the water supply and pollution control commission. Plaintiffs contend that the purported violations of RSA ch. 91-A (Supp. 1973), the State right-to-know law, by the water supply and pollution control commission, will prevent a proper presentation of the issues on the merits by plaintiffs at a later date.

On February 1, 1972, the Public Service Company of New Hampshire filed an application for a certificate to construct two 1100 megawatt nuclear generating units at Seabrook, New Hampshire, together with three associated 345 KV transmission lines. The proposed nuclear plant would discharge into offshore public waters of the State. Both the Society for the Protection of New Hampshire Forests and the Audubon Society of New Hampshire intervened in the proceedings held pursuant to RSA ch. 162-F (Supp. 1973) before the site evaluation committee and the public utilities commission. On July 27, 1973, the site evaluation committee gave its approval stating that the nuclear plant would "not have an unreasonable adverse effect on esthetics, historic sites, air and water quality, the natural environment and the public health and safety." Pursuant to RSA 541:3, :6, the plaintiffs appealed the decision of the site evaluation committee resulting in the decision in *Society for the Protection of New Hampshire Forests & a. v. Site Evaluation Committee,* 115 N.H. 163, 337 A.2d 778 (1975).

The site evaluation committee further required that " [t ]he Public Utilities Commission shall incorporate in its certificate such lawful terms as will be supplied to it by the State agency having permit or license granting responsibilities under State law concerning the site and facility of the proposed nuclear project at Seabrook, New Hampshire." Pursuant to this decision, the water supply and pollution control commission undertook to determine whether or not to issue a permit to the Public Service Company and whether such permit should be subject to certain conditions. A permit was granted and it is from this action that appellate review was sought and the present motion was filed to complete the record. The plaintiffs allege that their rights under the right-to-know law, RSA ch. 91-A (Supp. 1973), were violated because the defendant failed to notify

plaintiffs of meetings when information was being furnished to the commission prior to final decision by its staff, or through its staff or attorneys by the Public Service Company or other governmental agencies.

Enacted in 1967, the right-to-know law, RSA ch. 91-A (Supp. 1973), was intended to increase public access to governmental proceedings in order to augment popular control of government and to encourage agency responsibility. Since its enactment, this court has broadly construed the statute's provisions in order to further these objectives. *Mans v. Lebanon School Bd.,* 112 N.H. 160, 290 A.2d 866 (1972); *Herron v. Northwood,* 111 N.H. 324, 282 A.2d 661 (1971).

Some of the meetings to which plaintiffs refer were apparently consultations between the staff of the commission, consultations between the staff and other governmental agencies, consultations between attorneys, and meetings in which information was furnished to the commission by its staff. On January 23, 1974, the water supply and pollution control commission held an executive session at which the attorney general and an assistant attorney general apparently presented a compromise settlement in order to facilitate the issuing of a permit for the proposed nuclear plant. Shortly thereafter on the same day, the water supply and pollution control commission held an open session where the compromise plan was publicly presented and after some discussion was adopted with some minor amendments. In a matter as complex and novel as the construction of a nuclear power plant, the necessity of such exchanges of information with the attorney general is readily apparent. The procedure to be followed and the information to be required were all matters properly to be explored in consultations between staff and attorneys to facilitate the hearing task of the commission. Absent specific legislative intent to plainly and unmistakably deprive the commission of the benefits of advice of counsel, the commission's receipt of legal advice cannot be deemed a violation of RSA 91-A:3 (Supp. 1973). *Carter v. Nashua,* 113 N.H. 407, 413, 308 A.2d 847, 851 (1973).

In the present appeal, the commission has certified to this court what it represents as the entire permit proceeding record including the original application for the permit, the status and staff reports, minutes of meetings, correspondence, and the final permit. The commission has indicated that all of the material being sought can be located within this certified record. The intervenors are entitled

to examine all of the evidence relied upon by the commission in making its final determination. RSA 91-A:4 (Supp. 1973); *EPA v. Mink*, 410 U.S. 73, 87 (1973); *Times Publishing Co. v. Williams*, 222 So. 2d 470 (Fla. App. 1969). Notwithstanding the right-to-know law provisions, the intervenors, as real parties in interest, have available the use of traditional discovery techniques *(See generally* M. Cherry, *Using Discovery Procedures By Intervenors In Nuclear Power Licensing Cases,* 13 Atomic Energy L.J. 260 (1971)), subject to excluding "inquiry into the mental processes of administrative decision-makers." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420 (1971). An order compelling production is unnecessary, however, since it appears that all of the information relied upon by the commission is presently available for inspection in the certified record submitted to this court. *Cf. Hardiman v. Dover,* 111 N.H. 377, 284 A.2d 905 (1971). The commission has also indicated that certain information contained in tapes, not yet transcribed, is also available for inspection by the intervenors.

The motion to complete the record is denied without prejudice to the plaintiff's appeal on the merits of the commission's action in granting the permit.

*So ordered.*