Grafton
No. 80-307

ORFORD TEACHERS ASSOCIATION *& a.*

v.

HUGH WATSON,
SUPERINTENDENT OF SCHOOLS *& a.*

March 6, 1981

*Anne S. Richmond,* of Concord, by brief and orally, for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Bradley F. Kidder & a.* on the brief and *Mr. Kidder* orally), for the defendants.

DOUGLAS, J. The question in this case is whether New Hampshire's right-to-know law, RSA ch. 91-A, provides the public with a right of access to the minutes of executive sessions. We hold that it does.

The question arose when the defendant superintendent of schools refused to allow the plaintiffs to see any of the minutes of certain executive sessions of the Orford School Board. Following that refusal, the plaintiffs filed a petition for injunctive relief in Grafton County Superior Court, seeking the right to inspect and copy the minutes of all executive sessions held between January 1, 1980, and the present. After a hearing, the Superior Court (*Johnson,* J.) impounded the minutes and transferred to this court without ruling the question whether the plaintiffs have a right of access to those minutes under RSA ch. 91-A.

The purpose of RSA ch. 91-A is set out in the preamble added by the legislature in 1977:

> "Openness in the conduct of public business is essential to a democratic society. The purpose of this chapter is to ensure both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people."

RSA 91-A:1 (Supp. 1979). The statute helps to effectuate the New Hampshire Constitution's requirement that "the public's right of access to governmental proceedings and records shall not be unreasonably restricted." N.H. CONST. pt. I, art. 8 (Supp. 1979). Under the statute, certain meetings of public bodies must be open

to the public and minutes recorded. RSA 91-A:2 (Supp. 1979). The public has a right to inspect and copy those minutes and all other public records. RSA 91-A:4.

The statute, however, does not afford the public an absolute right of access to the workings of governmental bodies; it does recognize certain exceptions and exemptions. *E.g.*, RSA 91-A:3 (Supp. 1979) and :5. One of the exceptions to the public meeting requirement is for executive sessions held solely for deliberation or for consideration of certain enumerated topics. RSA 91-A:3 (Supp. 1979). When holding executive sessions, a governmental body is required to keep minutes only to the extent of recording any decisions made at the meeting. RSA 91-A:3 III (Supp. 1979).

In this case, the defendant Orford School Board apparently keeps more complete minutes than the statute requires. It argues that any minutes that it is not required by RSA 91-A:3 III (Supp. 1979) to keep are not public records. Conversely, the plaintiff argues that any minutes kept by the school board, whether required to be kept by statute or not, are public records available to the public under RSA 91-A:4.

The defendants base their argument that *all* executive session minutes are not public records on the fact that the amendment to RSA 91-A:3 (Supp. 1979), requiring bodies or agencies meeting in executive session to record minutes, was added ten years after enactment of the original legislation. They argue that RSA 91-A:3 III (Supp. 1979) is separate and distinct from the other sections of the statute requiring public bodies to keep minutes, RSA 91-A:2 (Supp. 1979), and to make them available to the public, RSA 91-A:4. In support of that argument, the defendants argue that RSA 91-A:3 III (Supp. 1979) has its own disclosure provision requiring governmental bodies to make public any decisions reached in executive sessions within seventy-two hours of the meeting, unless two-thirds of the members vote to keep the information confidential for certain limited purposes.

The legislative history of RSA 91-A:3 III (Supp. 1979) does not indicate, however, that the legislature had specifically considered the question whether minutes of executive sessions not required to be kept and not voted confidential must be made available to the public under RSA 91-A:4. We must, therefore, decide the question as a matter of statutory construction.

This court has consistently construed the right-to-know law to further the statutory objectives of increasing public access to governmental proceedings. *E.g., Society for Protection of N.H.*

*Forests v. Water Supply & Pollution Control Comm'n,* 115 N.H. 192, 194, 337 A.2d 788, 789 (1975); *Menge v. Manchester,* 113 N.H. 533, 537, 311 A.2d 116, 118 (1973). Such construction has been based on the fact that the legislature has broadened RSA ch. 91-A's scope and application each time it has amended the statute. *See Herron v. Northwood,* 111 N.H. 324, 325, 282 A.2d 661, 662 (1971). The 1977 amendments were no exception; they included the preamble stating that the purpose of the statute was to ensure the "greatest possible public access" to the governmental decision-making process. Laws 1977, 540:1. Moreover, the amendment to RSA 91-A:3 (Supp. 1979) which requires governmental bodies to keep a record of decisions made in executive session limits the government from shielding its workings from public view by holding closed meetings.

RSA 91-A:4 defines "public records" to include minutes. This court has rejected the contention that "public records" are only those records required to be kept by law. *Menge v. Manchester,* 113 N.H. at 536–37, 311 A.2d at 118. Had the legislature wished to exclude minutes of the executive sessions from the broad scope of RSA 91-A:4, it could have done so expressly.

■■ The statutory exemption from public access to executive sessions, like all other exemptions, must be construed narrowly. *See Mans v. Lebanon School Bd.,* 112 N.H. 160, 163, 190 A.2d 866, 867 (1972). RSA 91-A:3 (Supp. 1979) clearly permits governmental bodies to meet in private to deliberate and to discuss certain sensitive matters; it does not require minutes of such proceedings to be kept, except to record decisions. Although paragraph III permits a governmental body to withhold minutes in some circumstances, it does not allow the group to reserve that information indefinitely but requires disclosure when the circumstances compelling secrecy no longer apply. Construing the provisions for withholding minutes narrowly, we conclude that there is no blanket exemption for minutes of executive sessions, and that they are public records covered by RSA 91-A:4.

■ Our holding does not require governmental bodies to keep minutes of executive sessions beyond the requirements of RSA 91-A:3 III (Supp. 1979), but it does require that groups that keep such records for their own purposes normally make them available to the public. *Cf. Renegotiation Board v. Grumman Aircraft,* 421 U.S. 168, 192 (1975); *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 161–

62 (1975). Nor does our conclusion that there is no automatic exemption for minutes of executive sessions mean that the full content of those minutes must be made available to the public. If the executive session votes to keep the minutes confidential for any of the reasons specified in RSA 91-A:3 III (Supp. 1979), or if they meet another statutory exemption, they may be withheld. When there is a question whether minutes are exempt from public access, the trial judge should conduct an *in camera* review to determine whether portions of the minutes meet any of the other statutory exemptions. *Lodge v. Knowlton,* 118 N.H. 574, 577, 391 A.2d 893, 895 (1978). That procedure should be adequate to preserve the process of private deliberations by governmental bodies and agencies, which the legislature recognized as important when it enacted RSA 91-A:3 (Supp. 1979).

*Remanded.*

GRIMES, C.J., dissented; the others concurred.

GRIMES, C.J., dissenting: In my view, RSA ch. 91-A does not require the disclosure of minutes of executive sessions other than those showing decisions reached. Section 3 III is separate and distinct from all other sections of the statute requiring the keeping and disclosure of minutes and, in my view, was intended to restrict disclosure of executive session minutes to those showing decisions reached. To do otherwise would be contrary to the very purpose of permitting executive sessions.