Grafton
No. 81-474

ORFORD TEACHERS ASSOCIATION & a.

v.

HUGH WATSON,
SUPERINTENDENT OF SCHOOLS & a.

September 8, 1982

*Anne S. Richmond,* of Concord, by brief and orally, for the plaintiffs.

*Nighswander, Martin, Lord, KillKelley & Kidder P.A.,* of Laconia (*Bradley F. Kidder* on the brief and orally), for the defendants.

## MEMORANDUM OPINION

The only question before us is whether the trial court abused its discretion in denying the plaintiffs' motion for attorney's fees under RSA 91-A:8 (Supp. 1981).

Subsequent to our decision in *Orford Teachers Assoc. v. Watson,* 121 N.H. 118, 427 A.2d 21 (1981), the plaintiff teachers association filed in superior court a "Motion to Grant Access to Minutes and Award Attorney's Fees." The trial court, on May 1, 1981, entered the following order: "Atty. Kidder having no objection, request to allow inspection of executive session minutes . . . is granted."

A hearing on that part of the motion regarding the award of attorney's fees was held on November 19, 1981. The Superior Court (*Johnson,* J.) recognized that this aspect of the case was governed by RSA 91-A:8 (Supp. 1981) which provides that one refusing access to public records may be liable for reasonable attorney's fees and costs "*at the discretion of the court.*" (Emphasis added.) The court found that "given all the facts and circumstances of this case, that the award of attorney's fees is not justified and hence, the plaintiff's petition is denied. Exceptions noted."

■■ On this appeal, the parties have failed to provide us with a transcript of the motion hearing and our review is therefore limited to determining whether there are errors of law apparent on the face of the record. *Baker v. Dennis Brown Realty*, 121 N.H. 640, 644, 433 A.2d 1271, 1273 (1981). Because no abuse of discretion on the part of the court appears on the record before us, our order is

*Appeal dismissed; affirmed.*

DOUGLAS, J., dissented.

DOUGLAS, J., dissenting: I don't believe that a trial judge should conclude that the plaintiffs' pursuit of a litigated case from the trial court to this court to effectuate the laudable purpose of access to public documents is worth *no* legal fees at all. I don't need a record of a motion hearing to find a clear error when no fees at all are awarded to a successful plaintiff. Such a result speaks for itself. I would require a clear and explicit statement of why fees are not being awarded in an RSA ch. 91-A case. *See Moskowitz v. Moskowitz*, 118 N.H. 199, 385 A.2d 120 (1978). To do otherwise turns the right-to-know law and N.H. Constitution part I, article 8 into dead letters.