Gove v. Grafton                    CV-94-351-L    07/31/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Brewster Gove

    v.                                    #C-94-351-L

Grafton Volunteer Ambulance Squad

**ORDER ON MOTION TO DISMISS**

The defendant has filed this motion to dismiss stating that the plaintiff cannot prove that a contract existed between plaintiff, Brewster Gove, and defendant Grafton Volunteer Ambulance Squad (Squad).  Defendant also alleges that the plaintiff cannot meet the legal standards established to support his claim involving:  I) 42 U.S.C. § 1983; II) breach of contract and wrongful discharge; III) N.H. Rev. Stat. Ann. ch. 91-A (New Hampshire's Right-To-Know Law); and IV) interference with prospective advantage and defamation.


FACTS

The Squad is a non-profit organization providing emergency medical services to residents of the Town of Grafton and contiguous towns.  The Squad's members are all volunteers.  The plaintiff joined the Squad in the summer of 1991.

The defendant alleges that by the latter part of 1991 plaintiff's conduct had become a subject of concern.  Allegedly,

according to his co-workers, plaintiff was verbally abusive, showed poor judgment on calls, and drove the ambulance in a dangerous manner.

Defendant has filed, as part of its motion to dismiss, an affidavit by Kathleen Crawford and an affidavit by Kenneth R. Cushing.  Exhibit B.  Crawford has been Captain of the Squad since January, 1994.  Cushing was Captain of the Squad at the time of plaintiff's dismissal on January 27, 1993.

The defendant alleges that the plaintiff was warned that his untoward behavior would not be tolerated and that he could be removed from membership if his inappropriate behavior persisted. Plaintiff was requested to participate in a stress-management program which he refused to do.

On January 27, 1993 the Squad's members voted 8 to 1 to terminate plaintiff's membership in accordance with the by-laws.

Defendant further alleges that after the Squad terminated plaintiff's membership, plaintiff occasionally continued to respond to emergencies as if he were still a member of the Squad, wearing the Squad's jacket and insignia.  In order to protect itself from potential problems, in October, 1993, the Squad informed and put neighboring "mutual aid" EMS units on notice that the plaintiff was no longer a Squad member.

In opposition to defendant's motion to dismiss, plaintiff

2

alleges that he never received any notice, written or otherwise, that he was dismissed. Additionally, plaintiff avers that he was told by Cushing to "lay low" and that he was on "like a temporary leave of absence." Plaintiff has submitted his affidavit in opposition to the motion to dismiss.

Plaintiff states that in March or April, 1993, at a Selectman's meeting, Selectman Cushing told him that he was a member in good standing of the Squad.

Plaintiff states that he learned in August, 1993, for the first time, that he had been dismissed.

Plaintiff further states that he never jeopardized anyone while responding to calls, denies the reckless driving allegation, and allegations that he represented himself as a member of the ambulance squad and did not exercise poor judgment.

Plaintiff is a Captain on the Grafton Fire Department. At the meeting held by the Squad on January 27, 1993 the minutes disclose the following. Action taken in Non-Public Session. Further, that Brewster Gove will be invited/requested to attend a meeting to be informed of the above decision (i.e. dismissal). It was decided that a special meeting would be called for this purpose and if he refused to attend, then a letter informing him of the above action would be delivered to him by Captain Cushing. Captain Cushing will consult with the Town Attorney regarding

3

procedures.

DISCUSSION

In ruling on a motion to dismiss, the material facts alleged in the complaint are construed in the light most favorable to the non-moving party, and taken as true, with dismissal ordered only if the non-moving party is not entitled to relief under any set of facts it could prove. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Knight v. Mills, 836 F.2d 659, 664 (1st Cir. 1987); Melo-Tone Vending, Inc. v. United States, 666 F.2d 687, 688 (1st Cir. 1981). The issue is not whether the non-moving party will ultimately prevail, but whether the non-moving party is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. at 236

I.    Count IV - Constitutional Claim

Both parties seem to agree that Count IV is essentially a 42 U.S.C. § 1983 action.

Municipal liability under § 1983 cannot be based on respondeat superior. Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Canton v. Harris, 489 U.S.

4

378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  Manarite v. Springfield, 957 F.2d 953, 958 (1st Cir. 1992).

In plaintiff's pretrial statement filed July 17, 1995 he alleges that the Town of Grafton only recently (after the events leading up to this lawsuit) recognized the Grafton Volunteer Fire Department to be a municipal department.  Prior to that time, the Grafton Volunteer Fire Department existed as an unincorporated association of men and women dedicated to the extinguishment of fires.

The court will hold in abeyance any ruling on the motion to dismiss the 1983 claim (Count IV) in view of plaintiff's contention in his pre-trial statement and in light of the fact that a motion to continue the trial has been granted.


II.  Count I - Breach of Contract
     Count VI - Wrongful Discharge

The court next addresses defendant's motion to dismiss plaintiff's cause of action involving breach of contract and wrongful discharge.

In the case at hand, the members of the Squad were all volunteers.  They signed no written contract.  Further, the by-laws do not contain any sort of specific employment language. The plaintiff has not brought to the court's attention any

5

evidence of an oral contract, express or implied between himself and the Squad. The plaintiff did not receive any recompense for his labors, and thus suffered no monetary damages when he was dismissed. Plaintiff could quit at any time. There was a lack of exchanges of promises and no consideration.

Plaintiff's reliance on Panto v. Moore Business Forms, 130 N.H. 730 (1988) is misguided. This case involved the dismissal of a salaried employee, hired at will.

The motion to dismiss Count I is granted. For similar reasons as those noted above, Count VI, alleging wrongful discharge, is granted as there never was a contract.


III. Count V - N.H. Rev. Stat. Ann. ch. 91-A

Count V of the complaint states that the defendant did not comply with N.H. Rev. Stat. Ann. ch. 91-A as it held secret meetings in violation of New Hampshire's Right-To-Know Law.

N.H. Rev. Stat. Ann. § 91-A:1-a defines "public proceedings" as it may pertain to this case as follows:

> IV. Any board, commission, agency or authority, of any county, town, municipal corporation, school district, or other political subdivision, or any committee, subcommittee or subordinate body thereof, or advisory committee thereto.

Not all organizations that work for or with the government are subject to the right-to-know law. Bradbury v. Shaw, 116 N.H.

6

388, 389 (1976).

An executive session of a municipal finance committee held for the consideration of the annual budget of the City of Keene was properly conducted in closed session as authorized by section 3 I of the "access to public records" statute (RSA 91-A(supp)), where no "official actions" were "finally approved" at such session, and no recommendations were formulated to be made to the city council by which final action is required to be taken after public hearing (RSA 44:10). Selkowe v. Bean, 109 N.H. 247. (1968).

Plaintiff contends that the meeting of January, 1993 was a sham in that it was held without prior notice to plaintiff and under N.H. Rev. Stat. Ann. ch. 91-A, plaintiff had a right to request that such a meeting be held in public.

The court rules that without an evidentiary hearing the motion to dismiss at this stage of the proceedings is premature. Motion to dismiss Count V must therefore be denied.


IV.  Count II - Interference with Prospective Advantage
     Count III - Defamation

Finally the court addresses Count II and III, plaintiff's claims of intentional interference with prospective advantages and defamation.

"One who, without a privilege to do so, induces or otherwise purposely causes a third person not to . . . enter into or continue a business relation with another is liable to the other for the harm caused thereby." Baker v. Dennis Brown Realty, 121 N.H. 640, 644 (1981) (quoting Restatement of Torts § 766).

To prove either tortious interference with a prospective agreement or tortious interference with a contractual relationship, the plaintiff must prove the following: that the plaintiff had a contractual relationship with a third party; that the defendants knew of the contractual relationship between the third party and the plaintiff; and that the defendants wrongfully induced the third party to breach his agreement with the plaintiff. See Restatement (Second) of Torts § 766, at 7 (1979); Riblet Tramway Company v. Ericksen Associates, Inc., 665 F. Supp. 81, 87 (D.N.H. 1987).

In plaintiff's objection to the motion to dismiss this count, counsel states the following. The Squad misrepresented plaintiff's membership status. There is insufficient cause to dismiss plaintiff's claim of interference with prospective advantage, particularly given the defamatory nature of the October, 1993 letter. Plaintiff was clearly highly trained as he had become nationally recognized in a register of EMTs. The Squad's letter had the obvious effects of interfering with

8

plaintiff's liberty right of seeking employment or volunteer status elsewhere.

Plaintiff does not assert that he was denied a particular opportunity to either procure employment in a related EMS field or on a volunteer basis. This is not a situation where an individual's employment was terminated by a purposeful interference with the contractual relations between an employee and his employer without justification. See Russell v. Croteau, 98 N.H. 68 (1953). To establish the tort of interfering with a prospective business relationship, the plaintiff must show that the defendant intentionally interfered with business opportunities that were "commercially reasonable to anticipate." Whelan v. Abell, 953 F.2d 663, 673 (D.C. Cir. 1992).

The motion to dismiss the claim of interference with prospective advantage (Count II) is granted.

There are contested issues of fact in the defamation claim. The motion to dismiss the defamation claim (Count III) is denied.


CONCLUSION AND RECAPITULATION

Count IV is held in abeyance. Motion to dismiss Counts I and VI is granted. Motion to dismiss Count V is denied. Motion to dismiss the claim of interference with prospective advantage

9

(Count II) is granted.  Motion to dismiss the defamation claim

(Count III) is denied.

July 31, 1995

                                    _____
                                    Martin F. Loughlin
                                    Senior Judge
R. Peter Decato, Esq.
Steven E. Hengen, Esq.
Barton L. Mayer, Esq.

10