Rockingham
No. 2004-017

PROFESSIONAL FIREFIGHTERS OF NEW HAMPSHIRE

v.

HEALTHTRUST, INC.

Argued: September 14, 2004
Opinion Issued: November 30, 2004

*Cook & Molan, P.A.,* of Concord (*Glenn R. Milner* on the brief and orally), for the petitioner.

*Hinckley, Allen & Snyder LLP*, of Concord (*Christopher H.M. Carter* and *Robert J. Lloyd* on the brief, and *Mr. Carter* orally), for the respondent.

*Sheehan Phinney Bass + Green, P.A.,* of Manchester (*Monica A. Ciolfi* on the brief), for the New Hampshire School Healthcare Coalition, as *amicus curiae.*

DUGGAN, J. The respondent, HealthTrust, Inc., appeals an order of the Superior Court (*Abramson,* J.) granting the request of the petitioner, Professional Firefighters of New Hampshire (PFFNH), for disclosure of documents and information pursuant to New Hampshire's Right-to-Know Law, RSA ch. 91-A (2001 & Supp. 2003). HealthTrust argues that the trial court erred in: (1) concluding that HealthTrust is a public entity subject to RSA chapter 91-A; (2) requiring general disclosure under RSA chapter 91-A when HealthTrust complies with more specific disclosure requirements under RSA 5-B:4 (2003); (3) denying HealthTrust's request for *in camera* review of the requested documents; and (4) awarding attorney's fees to PFFNH. We affirm in part, vacate in part, reverse in part and remand.

The trial court found the following facts. HealthTrust is a non-profit New Hampshire corporation formed by an association of 322 governmental entities to provide general health insurance benefits for public employees under a pooled risk management program. HealthTrust's members, which include cities, towns, school districts and other similar entities, make contributions to a fund in exchange for health insurance, dental insurance, prescription drug coverage, disability benefits and life insurance benefits for their employees. HealthTrust administers a risk management program with these funds, through which it provides its own insurance products to

members and also negotiates with private insurance carriers to provide other products. HealthTrust is governed by a board of trustees comprised of seventeen public employees and officials appointed by members of the association. As a non-profit corporation, HealthTrust is exempt from federal income taxation.

PFFNH is a State organization comprised of New Hampshire firefighters. PFFNH sought the disclosure of meeting minutes and documents from HealthTrust under the Right-to-Know Law, including the contract that HealthTrust executed with Anthem Blue Cross & Blue Shield. HealthTrust declined to provide the requested information because it claims that it is not subject to the Right-to-Know Law and the information requested is exempt from public disclosure.

The trial court concluded that HealthTrust is a public body subject to the Right-to-Know Law and that the information sought by PFFNH was not exempt from disclosure. This appeal followed.

*I. Public Body*

HealthTrust first argues that the trial court erred in concluding that it is a public body subject to the Right-to-Know Law. Specifically, it argues that, as a pooled risk management organization, its functions are more akin to that of a private entity. We disagree.

Part I, Article 8 of the New Hampshire Constitution provides that "the public's right of access to governmental proceedings and records shall not be unreasonably restricted." The Right-to-Know Law provides that "[e]very citizen . . . has the right to inspect all public records . . . except as otherwise prohibited by statute or RSA 91-A:5." RSA 91-A:4, I. It was enacted "to ensure . . . the greatest possible public access to the actions, discussions and records of all public bodies." RSA 91-A:1. The Right-to-Know Law applies to "[a]ny board, commission, agency or authority, of any county, town, municipal corporation . . . or other political subdivision, or any committee, subcommittee or subordinate body thereof, or advisory committee thereto." RSA 91-A:1-a, I(d) (Supp. 2003).

The issue presented by this appeal is one of statutory interpretation. Because the interpretation of a statute is ultimately a question of law for this court, we review the trial court's interpretation *de novo. Union Leader Corp. v. N.H. Housing Fin. Auth.*, 142 N.H. 540, 546 (1997). We first look to the plain meaning of the words used in the statute, and consider legislative history only if the statutory language is ambiguous. *Goode v. N.H. Legislative Budget Assistant*, 148 N.H. 551, 553-54 (2002). We resolve questions regarding the law with a view to providing the utmost information in order to best effectuate the statutory and

constitutional objective of facilitating access to all public documents. *Union Leader Corp.*, 142 N.H. at 546. Thus, while the statute does not provide for unrestricted access to public records, we broadly construe provisions favoring disclosure and interpret the exemptions restrictively. *Id.*

In *Union Leader Corp.*, we were confronted with an entity that was not easily characterized as solely private or entirely public. *Id.* at 547. We recognized that the New Hampshire Housing Finance Authority had a distinct legal existence separate from the State and that it functioned independently from the State. *Id.* We held, however, that in light of the statutory and constitutional objective of facilitating access to all public documents, "the balance favor[ed] a finding that the authority is subject to the Right-to-Know Law." *Id.* In reaching this conclusion, we noted that the authority used public financing, was deemed a public instrumentality, performed public and essential governmental functions of the State and was empowered to work with other State and federal agencies. *Id.*

Here, we are similarly confronted with a quasi-public entity. HealthTrust exists as a distinct legal entity, *see* RSA 5-B:5, I(a), provides products and services similarly supplied by private entities, and competes with private entities in the market for the sale of these products and services, *see* RSA 5-B:3, I.

█ Nevertheless, in determining whether HealthTrust falls within the ambit of the Right-to-Know Law, we recognize that we must construe the law to further the statutory objectives of increasing public access to governmental proceedings. *Union Leader Corp.*, 142 N.H. at 547. Similar to *Union Leader Corp.*, the balance favors a finding that HealthTrust is subject to the Right-to-Know Law. First, HealthTrust is an organization comprised exclusively of political subdivisions, *see* RSA 5-B:3, which, notably, are subject to the Right-to-Know Law. Second, HealthTrust is governed entirely by public officials and employees. *See* RSA 5-B:5, I(b). Third, HealthTrust provides health insurance benefits for public employees through a pooled risk management program, which the legislature has recognized "is an essential governmental function." RSA 5-B:1. Fourth, HealthTrust operates for the sole benefit of its constituent governmental entities and for the sole purpose of managing and providing health insurance benefits for public employees. *Id.* Finally, HealthTrust manages money collected from governmental entities and enjoys the tax-exempt status of public entities. *See* RSA 5-B:1, :3, :6. Accordingly, because HealthTrust performs the essential government function of providing insurance and pooled risk management programs to political

subdivisions, we hold that it is subject to the Right-to-Know Law. *Cf. Union Leader Corp.*, 142 N.H. at 547. To hold otherwise would create an anomaly in which the constituent political subdivisions of pooled risk management programs would be, in the same situation, individually subject to the Right-to-Know Law, but could avoid the law by forming an association under RSA chapter 5-B.

## II. RSA chapter 5-B

HealthTrust next argues that requiring disclosure under RSA chapter 91-A is incompatible with the informational filing requirements outlined in RSA 5-B:2, II. We disagree.

HealthTrust is required to make an annual informational filing with the New Hampshire Department of State. *See* RSA 5-B:2, II. The filing is "made solely for the purpose of providing public access to certain information concerning the nature and organization of pooled risk management programs." *Id.* The filing is limited to the following information:

(a) The name and legal address of each pooled risk management program;

(b) A list of the current officers, their titles and addresses;

(c) A brief description of the coverage provided;

(d) The annual audit required under RSA 5-B:5, I(d);

(e) A written plan of operation or bylaws; and

(f) The annual actuarial evaluation required under RSA 5-B:5, I(f).

*Id.*

The informational filing required under RSA 5-B:2, II, however, does not exempt HealthTrust from the disclosure requirements under RSA chapter 91-A. The Right-to-Know Law provides that "[e]very citizen ... has the right to inspect all public records ... except as otherwise *prohibited* by statute." RSA 91-A:4, I (emphasis added). The filing under RSA 5-B:2, II does not prohibit the disclosure of information not contained within the informational filing. In contrast, RSA 5-B:7 specifically prohibits the disclosure of information "pertaining to claims analysis or claims management ... to any third party." Thus, while RSA 5-B:7 does prohibit the disclosure of certain information, RSA 5-B:2, II does not serve to remove all other information from the disclosure requirements of the Right-to-Know Law. Indeed, unlike other specific exemptions, *see, e.g.*, RSA 5-B:6 (State taxation and insurance regulation); RSA 5-B:3 (requirements of RSA chapter 53-A), nothing in RSA chapter 5-B

specifically exempts HealthTrust from RSA chapter 91-A. While the legislature is free to exempt HealthTrust from the Right-to-Know Law, *see* RSA 91-A:4, I, it has not done so.

Likewise, other public bodies have filing requirements and are, nonetheless, subject to the Right-to-Know Law. *See, e.g.*, RSA 273:10 (1999) (labor department); RSA 273-A:16, III (1999) (public employee labor relations board). For example, the New Hampshire Housing Finance Authority is required to file "an annual report of its activities for the preceding year to the governor and council and to each house of the general court." RSA 204-C:46 (2000). The report "shall set forth a complete operating and financial statement of the authority during such year, and shall describe the authority's progress in increasing housing for the elderly." *Id.* Yet, we have held that the authority is subject to the Right-to-Know Law. *Union Leader Corp.*, 142 N.H. at 547-48.

Accordingly, because nothing in the informational filing requirement prohibits the disclosure of information not contained within the filing, we hold that HealthTrust is subject to the Right-to-Know Law. *See* RSA 5-B:2, II; RSA 91-A:4, I.

*III. In camera review*

HealthTrust next argues that the trial court erred in ordering the disclosure of its contract with Anthem Blue Cross and Blue Shield and the minutes of meetings between HealthTrust's board of trustees and counsel without conducting an *in camera* review to evaluate the extent to which they contain material exempt from disclosure. We agree.

We have held that "[w]hen there is a question whether [materials] are exempt from public access, the trial judge should conduct an *in camera* review to determine whether portions of the [materials] meet any of the other statutory exemptions." *Orford Teachers Assoc. v. Watson*, 121 N.H. 118, 122 (1981). We have also held that "in large document cases, where the imbalance of information distorts the adversary process such that neither the plaintiffs nor the court can effectively review disputed evidence, use of a *Vaughn* index is entirely appropriate." *Union Leader Corp.*, 142 N.H. at 548-49 (further noting that a *Vaughn* index includes a general description of each document withheld and a justification for its nondisclosure); *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Here, HealthTrust argues that the Anthem Blue Cross and Blue Shield contract is exempt from disclosure under RSA 91-A:5 because it

contains "confidential, commercial, or financial information." RSA 91-A:5, IV. Likewise, HealthTrust argues that the minutes of meetings with counsel are exempt from disclosure under RSA 91-A:2, which states that a "meeting" subject to the Right-to-Know Law's provisions does not include "[c]onsultation with legal counsel." RSA 91-A:2, I(c). Because we are unable to discern from the record the nature of the meetings or the contract, we vacate the trial court's decision ordering the disclosure of the meeting minutes and contract. We remand to the trial court to either conduct an *in camera* review of the materials or order HealthTrust to prepare a *Vaughn* index to determine which portions of the materials fall within the statutory exemptions. *See Orford Teachers Assoc.*, 121 N.H. at 122; *Union Leader Corp.*, 142 N.H. at 548.

*IV. Attorney's fees*

Finally, HealthTrust argues that the trial court erred in awarding PFFNH attorney's fees incurred in bringing the petition. We will defer to the trial court's findings of fact unless these findings are unsupported by the evidence or erroneous as a matter of law. *Goode v. N.H. Legislative Budget Assistant*, 145 N.H. 451, 455 (2000).

Under RSA 91-A:8, attorney's fees shall be awarded if the trial court finds that: (1) "such lawsuit was necessary in order to make the information available"; and (2) "the body, agency or person knew or should have known that the conduct engaged in was a violation of [RSA chapter 91-A]." PFFNH argues that the trial court was correct in finding that both of these prongs were met. We disagree.

Although we agree with the trial court that the lawsuit was necessary to make the information available, we disagree that HealthTrust should have known that it was a public body and, thus, its refusal to disclose the requested information was a violation of RSA chapter 91-A. As we acknowledged above, HealthTrust is a quasi-public entity that does not clearly fall within the ambit of entities covered by the Right-to-Know Law and, thus, HealthTrust neither knew nor should have known that its conduct violated the statute. *See Goode*, 145 N.H. at 455 (upholding denial of attorney's fees because office of the legislative budget assistant neither knew nor should have known that its conduct violated the statute, in part because of the state of the case law). Accordingly, we reverse the award of attorney's fees.

*Affirmed in part; vacated in part; reversed in part; and remanded.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.