# Zimmerman *v.* Miller, Appellant.

*Contracts—Public contracts—Sealed proposals—School law—Costs.*

1. Where a school board advertises that sealed proposals for the erection of a school house will be received until a certain hour on a day named, all bids to be accompanied by a certified check in an amount stated, and a contractor puts in a bid with a certified check of the proper amount, and on the day after the date mentioned in the advertisement, but before any of the bids were opened he puts in a corrected bid, making him the lowest bidder,

the school board cannot reject the corrected bid merely because it was not in time, and because it was not accompanied by a certified check.

2. In such a case the certified check previously deposited applied to the corrected bid.

3. If it appears that the school board merely acted under a mistake of law, and not in bad faith, the cost of a suit in equity brought to compel them to accept the lowest bid, will not be imposed upon them personally, but will be imposed upon the school district.

Argued Oct. 11, 1912.  Appeal, No. 203, Oct. T., 1912, by defendants, from decree of C. P. Somerset Co., Equity Docket, 1912, No. 6, on bill in equity in case of D. B. Zimmerman, et al., v. Pierce Miller, et al.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity for an injunction.
The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding injunction to restrain the defendants from entering into a contract with Auman and Granger for the erection of the school build ing in controversy.

*Norman T. Boose*, with him *Virgil R. Saylor*, for appellants.—The defendants are a board of school directors, and as such, are invested with discretionary and deliberative powers, and in rejecting the bid of Mr. Johnson and deciding him not to be a competent and responsible person, they exercised a discretion vested in them by law, which a Court of Equity cannot supervise or control, in the absence of fraud, collusion or bad faith: Roth v. Marshall, 158 Pa. 272; Commonwealth v. Mitchell, 82 Pa. 343; Findley v. Pittsburgh, 82 Pa. 351; Douglass v. Com., 108 Pa. 559; Am. Pavement Co. v. Wagner, 139 Pa. 623; Interstate Vitrified Brick & Paving Co. v. Phila., 164 Pa. 477; Reuting v. Titusville, 175 Pa. 512.

*Edmund E. Kierman,* with him *Francis J. Kooser, Ernest O. Kooser, John S. Miller & W. Curtis Truxal,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, November 7, 1912:

Counsel for the appellant urges but one point for our determination: Was error committed in restraining the defendant school board from awarding the contract for the erection of the contemplated school building under the facts in this case?

The court below found that the school board advertised that sealed proposals for the erection of the school house would be received until one p. m. on June 14, 1912,—all bids to be accompanied by certified check in the sum of $500; that "on the 14th day of June, 1912, three bids were handed to the directors, one by S. F. Lawrence, one by W. M. Johnson, and one by Granger and Auman; and that on the 15th day of June at about eleven o'clock a. m., a second or corrected bid was handed the secretary by W. M. Johnson"; that the last-mentioned bid was in the form of a correction of the total of Johnson's former one and was the lowest of the lot, it being about $900 lower than that of the successful bidder; that the board rejected it "on the ground that the second bid was illegal, first, bcause it was not in time, and second, because it was not accompanied by a certified check; but some of the individual members of the board were averse to awarding the contract to Johnson on the ground, first, that the work he had done at the County Home ...... was not in accordance with the contract and not satisfactory, and second, that there was undue delay in prosecuting the work; but the court finds as a fact that these reasons are not sustained by the evidence." The court further found that there was no evidence that the defendants had acted fraudulently or in bad faith, stating, "It is manifest that the directors as a body labored under a wrong impression as to their

rights and duties in reference to the bids. They seem to have thought that they had no right to consider any bids which did not come before them at the time appointed in their notice to bidders; and they also seem to have been under the impression that the last bid of Mr. Johnson's should have been accompanied with a certified check. In both these positions the directors were in error. ...... I do not mean to intimate that they were bound to accept a bid simply because it was lower than other bids; it was their duty in the exercise of a sound discretion to investigate as to the character and responsibility of bidders and to consider the question of competency, skill and the like in connection with the price and other matters, and then award the contract after having fully considered all questions. But the board by its action on its minute shows that the lowest bid was turned down for reasons that are not legal. ...... It may be that the board after due consideration will be justified in excluding the bid of Mr. Johnson or any other bid received under like circumstances, but the evidence in this case does not justify the conclusion arrived at by the board." After reading the evidence we cannot say that the learned court below was wrong in its understanding of the facts or in its conclusions therefrom. The second bid of Johnson was merely a correction in the amount of his former one; it was in the hands of the board some time prior to the opening of any of the bids, and the certified check previously deposited applied thereto.

This is not a case where the court attempted to interfere with an exercise of duty deliberative or discretionary in character, and therefore it does not fall within the line of authorities cited by the appellant; it is an instance of mistaken procedure on the part of a school board under a misapprehension of the law, and falls rather within the line of cases typified by Louchheim v. Philadelphia, 218 Pa. 100. We are not convinced of any error in the part of the decree complained

of; but since the court below has expressly found that the defendants acted under a mistake of law and not in bad faith, they should not be fixed with the costs.

The assignments of error raising the question which we have discussed are overruled and the others are dismissed; the decree is affirmed, the school district to pay the costs.