Strafford
No. 7289

SUSAN BRADBURY

v.

JOHN SHAW & a.

June 30, 1976

*Anthony A. McManus,* by brief and orally, for the plaintiff.

*Urion & Coraine* and *Anthony T. Coraine (Mr. William B. Cullimore* orally) for the defendants.

KENISON, C.J. Petition under the Right to Know Law, RSA ch. 91-A (Supp. 1975), to secure public access to the meetings and records of the mayor's industrial advisory committee of Rochester. The Trial Court *(Douglas,* J.) ruled that the committee was subject to the statute, but certain records of its meetings were exempt from disclosure. The court awarded attorney's fees to the plaintiff and denied the defendants' motion for costs for the reproduction of certain documents furnished to the plaintiff in discovery pursuant to a court order.

There is no statute or ordinance which establishes or provides for the mayor's industrial advisory committee. It derives its authority from the mayor who created it and who calls its meetings. The committee consists primarily of prominent businessmen, but also includes newspapermen and members of the city council. The committee met once each month during the six months preceding the filing of this suit. The committee performed a variety of functions. For example, it contacted concerns which it thought might locate in Rochester and it gathered information which potential investors might find useful.

The committee also devoted its time to the sale of city-owned land. The city sold two parcels to commercial developers in 1973 and was negotiating a third sale at the time suit was brought in 1974. Members of the committee were active in arranging the two 1973 transactions, and the committee participated in the 1974 negotiations. The mayor submitted one proposed sale to the city council with the statement that it had been approved by the committee. The committee attempted to find purchasers for other land that the city owned, and it reviewed certain land purchases which the city made. The committee frequently discussed the extension of city water and sewer lines and the construction of new streets. Regarding the possible end of the committee's official status, its chairman testified, "[W]e would perhaps go back to a Chamber of Commerce group but we couldn't be a tenth as effective because we need the immediate ability to tell a prospect 'yes, a city can do this, that, and the other,' . . . ."

Not all organizations that work for or with the government are subject to the right-to-know law. *Lombardo v. Handler,* 397 F. Supp.

792 (D.D.C. 1975); *Wolfe v. Weinberger,* 403 F. Supp. 238 (D.D.C. 1975). Advisory committees have been recognized as special problems. *See* Federal Advisory Committee Act, 86 Stat. 770, 5 U.S.C.A. App. I (Supp. 1976); Stein, *FOIA and FACA: Freedom of Information in the 'Fifth Branch'?,* 27 Ad. L. Rev. 31 (1975). The primary issue here is whether the mayor's industrial advisory committee is a "board, commission, agency, or authority of [a] municipal corporation," and consequently subject to the right-to-know law. RSA 91-A:1 IV (Supp. 1975). The Court of Appeals for the District of Columbia Circuit stated its approach to a similar problem of classification as follows: "[A]ny general definition can be of only limited utility to a court confronted with one of the myriad organizational arrangements for getting the business of government done .... The unavoidable fact is that each new arrangement must be examined anew and in its own context." *Washington Research Project, Inc. v. Department of H.E.W.,* 504 F.2d 238, 245-46 (D.C. Cir. 1974); *cf. Burton v. Wilmington Parking Auth.,* 365 U.S. 715 (1961). On the present record, the trial court properly found that the committee's involvement in governmental programs and decisions brought it within the scope of the right-to-know law. *Herron v. Northwood,* 111 N.H. 324, 282 A.2d 661 (1971); *Town of Palm Beach v. Gradison,* 296 So. 2d 473 (Fla. 1974); Project, *Government Information and the Rights of Citizens,* 73 Mich. L. Rev. 971, 1197-99 (1975); Annot., 38 A.L.R.3d 1070, 1082 (1971).

The plaintiff argues that the trial court erred in ruling that the records of the committee's meetings are partially exempt from disclosure by reason of RSA 91-A:3 II (d) and 5 IV (Supp. 1975). This issue is not before this court because the plaintiff saved no exception in the trial court and none has been transferred here. *Merriam v. Salem,* 112 N.H. 267, 293 A.2d 596 (1972); *Barton v. Manchester,* 110 N.H. 494, 272 A.2d 612 (1970).

RSA 91-A:8 (Supp. 1975) provides: "Any body or agency which, in violation of the provisions of this chapter, refuses to provide a public document or refuses access to a public proceeding, to a person who reasonably requests the same, shall be liable for reasonable attorney's fees and costs incurred in making the information available or the proceeding open to the public provided the court renders final judgment in favor of such request." The defendants argue that two restrictions ought to be placed on the unqualified right given by the statute; first, no attorney's fees should be awarded if the defendant's position is sustained in part

only; second, no attorney's fees should be awarded if the defendant resists the plaintiff's claim for access in good faith.

The Federal Freedom of Information Act provides for the award of attorney's fees if "the complainant has substantially prevailed." 5 U.S.C.A. § 552 (a) (4) (E) (Supp. 1976). It has been suggested that the New Hampshire statute requires the award of counsel fees where the only relief secured is a declaration that the government has acted illegally. Douglas, *The New Hampshire Right to Know Law – An Analysis,* 16 N.H.B.J. 227, 245 (1975). There is no occasion in this case to decide whether a plaintiff must be substantially or significantly successful to be entitled to recover his counsel fees under our statute. For if there is such a condition the plaintiff has met it in this case. Project, *Government Information and the Rights of Citizens,* 73 Mich. L. Rev. 971, 1136-37 (1975).

The provision for the award of attorney's fees is critical to securing the rights guaranteed by the statute. Comment, *Court Awarded Attorney's Fees and Equal Access to the Courts,* 122 U. Pa. L. Rev. 636, 666-67 (1974). Without this provision, the statute would often be a dead letter, for the cost of enforcing compliance would generally exceed the value of the benefit gained. In some cases, the plaintiff may gain a financial benefit by the invalidation of government action taken in violation of the statute. *See Stoneman v. Tamworth School Dist.,* 114 N.H. 371, 320 A.2d 657 (1974). But it will frequently be impossible to place a monetary value on the interests protected by the right-to-know law. The attorney fee provision was enacted so that the public's right to know would not depend upon the ability of individuals to finance litigation. Wiener, *Poverty Law,* in 1974/75 Ann. Surv. Am. Law. 483, 492. The legislative history indicates that the purpose of the attorney's fees provision is not to punish the defendant but to promote the statutory objective. N.H.H.R. Jour. 592-93 (1973); N.H.S. Jour. 919 (1973). In some cases, citizens might be deterred from seeking vindication of public rights if good faith secrecy were a defense to the award of attorney's fees. The proposed defense has no basis in the language and is inconsistent with the function of the attorney's fees provision. The trial court properly awarded fees to the plaintiff. *Newman v. Piggie Park Enterprises,* 390 U.S. 400 (1968); Annot., 16 A.L.R. Fed. 643, 652 (1973).

Under the statute, attorney's fees may be charged only against public bodies and agencies, and not against individuals. RSA 91-A:8 (Supp. 1975). The award of fees in this case is properly chargeable to the city of Rochester because the mayor was sued in

his official capacity. *Wadlow v. Kanaly,* 182 Colo. 115, 511 P.2d 484 (1973); *Zimmerman v. Miller,* 237 Pa. 616, 85 A. 871 (1912); *Lake & Co., Inc. v. King County,* 4 Wash. 2d 651, 104 P.2d 599 (1940).

The defendants also excepted to the denial of their motion for costs for the reproduction of documents furnished to the plaintiff in preparation for trial pursuant to court order. *See* Superior Court Rule 41, RSA 491: App. R. 41 (Supp. 1975); Annot., 76 A.L.R.2d 953 (1961). On the record and exhibits before us in this case, we cannot say that the trial court's ruling denying the defendants' motion for $553 in costs for reproduction of documents was erroneous. *Menge v. Manchester,* 113 N.H. 533, 538, 311 A.2d 116, 119 (1973); RSA 525:3.

*Defendants' exceptions overruled.*

All concurred.