Merrimack
No. 79-203

ROGER W. SANBORN & a.

v.

RICHARD E. ARANOSIAN & a.
d/b/a CAPITOL CITY MOTORS
AND FIAT MOTORS OF NORTH AMERICA, INC.

December 28, 1979

*Dane, Howe & Brown*, of Boston, Massachusetts, (*Michael M. Ransmeier* orally), for plaintiffs.

*Upton, Sanders & Smith*, of Concord (*John F. Teague* orally), for defendants.

BROCK, J. The sole issue presented in this case is, what is the proper measure of damages when a buyer rightfully revokes his acceptance of an automobile, pursuant to RSA 382-A:2–608, after he has driven the vehicle approximately 17,000 miles. The Master (*George L. Manias*, Esq.) recommended that RSA 382-A:2–711(1) be applied as the proper measure of damages and that the plaintiffs recover the total price paid for the automobile less its resale price. RSA 382-A:2–706. The Superior Court (*Cann*, J.) approved the master's report and transferred the defendants' exceptions. We affirm.

On September 14, 1976, plaintiffs purchased a 1976 Fiat stationwagon from the defendant Capitol City Motors for $4,605. The automobile was a dealer demonstrator with 3,287 miles on its odometer. Shortly thereafter, plaintiffs experienced numerous mechanical problems with the car including excessive oil consumption, recurring brake problems and other difficulties. They repeatedly returned it to the defendant for repairs but most of the problems persisted. Finally, on April 8, 1977, employees of Capitol

City Motors informed the plaintiffs that the automobile required a ring job, a major engine repair. Five days later, plaintiffs through counsel, notified Capitol City Motors that they were revoking acceptance of the Fiat as a defective product pursuant to RSA 382-A:2–608. Plaintiffs' tender of the automobile to defendants was refused. On July 1, 1977, plaintiffs exercised their right of resale and traded the Fiat towards the purchase of a new car and received $2,500 in trade for the Fiat.

Plaintiffs then brought this action seeking damages on several counts, including assumpsit, breach of warranty, strict liability and negligence. Trial before a master resulted in findings that the plaintiffs justifiably revoked acceptance of the automobile on April 13, 1977, and properly exercised their right to resell the automobile. No exception to these findings was taken by the defendants, who concede on this appeal that they "do not dispute the propriety of the plaintiffs' revocation on April 13, 1977."

The master ruled that plaintiffs were entitled to recover the price paid for the automobile, $4,605, less the proceeds from its sale on July 1, 1977, $2,500, or $2,105. See RSA 382-A:2–711; RSA 382-A:2–706. Defendants excepted to the amount of the verdict, claiming that the proper measure of damages is set forth in RSA 382-A:2–714, and that the verdict should be reduced by the value of the benefit received by plaintiffs as a result of their using the car for 17,000 miles.

It is at least arguable that acceptance of an automobile may not be rightfully and timely revoked after the buyer has driven it 17,000 miles. See Eckstein v. Cumming, 41 Ohio App. 2d 1, 321 N.E.2d 897 (1974); RSA 382-A:2–608(2) (revocation must occur before any substantial change in condition of goods which is not caused by their own defects). That issue, however, is not before us as the finding of rightful revocation is not contested. Bradbury v. Shaw, 116 N.H. 388, 390, 360 A.2d 123, 125 (1976); Merriam v. Salem, 112 N.H. 267, 293 A.2d 596 (1972).

Once a valid revocation of acceptance has been made, the proper measure of damages is found in RSA 382-A:2–711. Werner v. Montana, 117 N.H. 721, 731, 378 A.2d 1130, 1136 (1977); see Asciolla v. Manter Oldsmobile-Pontiac, Inc., 117 N.H. 85, 90–91, 370 A.2d 270, 274 (1977). RSA 382-A:2–711(1) provides that a buyer who justifiably revokes acceptance may recover "so much of the price as has been paid." The award of damages made to plaintiffs, allowing for the deduction of the resale price of the Fiat, was the price paid. RSA 382-A:2–711 does not allow setoff of any benefit which plaintiffs received by having the use of the car.

Defendants' argument that RSA 382-A:2–714 is the proper measure of damages is without merit. "This section [RSA 382-A:2–714] deals with the remedies available to the buyer after the goods have been accepted *and the time for revocation of acceptance has gone by*." RSA 382-A:2–714 (comment 1) (emphasis added).

*Defendants' exceptions overruled.*

All concurred.