Strafford
No. 91-447

JEREMY JOHNSON

v.

MARSHALL NASH & a.

May 5, 1992

*Sager, Sager & Wunder*, of Ossipee (*Robert C. Wunder* on the brief and orally), for the plaintiff.

*Normandin, Cheney & O'Neil,* of Laconia (*James F. Lafrance* on the brief and orally), for the defendants.

JOHNSON, J. The defendants, Marshall Nash and Richard Langis, are selectmen for the town of Middleton. They appeal from the Superior Court's (*Dickson,* J.) finding that they violated various sections of the New Hampshire Right-to-Know Law, RSA chapter 91-A, when they voted in executive session to dismiss the plaintiff, Jeremy Johnson, as the Middleton Chief of Police. The superior court reinstated the plaintiff to his post with back pay and awarded him attorney fees pursuant to RSA 91-A:8, I. We affirm.

On August 6, 1991, the superior court conducted a temporary hearing in which the parties presented offers of proof and made arguments regarding the propriety of injunctive relief. The temporary hearing revealed the following facts. On June 17, the defendants and Roy Snyder, the town's third selectman, presided over a routine selectmen's business meeting. The publicly posted agenda for the meeting indicated that the "selectmen may go into executive session." It made no references to what, if any, topics might be addressed in executive session. Additionally, the plaintiff did not personally receive any notice that his termination might be considered at the meeting or in executive session.

The meeting began as scheduled. Approximately forty-five minutes into the meeting, Selectman Langis made a motion to go into executive session to consider the dismissal of the plaintiff. Selectman Nash seconded the motion, and the three selectmen went into executive session. Approximately ten minutes later, the selectmen returned and Langis made a motion to terminate the plaintiff's appointment as the police chief. Nash and Langis voted to terminate the plaintiff. Selectman Snyder, who warned his colleagues that firing the plaintiff in this manner was illegal, abstained. At this point, a gentleman attending the meeting asked Nash to explain why the plaintiff was being fired. Nash refused to state any reasons publicly, explaining that the reasons for the plaintiff's termination would be given at a later date.

Offers of proof presented at the temporary hearing indicate that Nash and Langis had a strained relationship with the plaintiff. According to a newspaper article presented at the hearing, the plaintiff had publicly protested cuts in the police department's budget advocated by Nash and Langis. The article recounts a "tornadic" March 27, 1991 selectmen's meeting in which the plaintiff entered into a heated exchange with Nash and Langis regarding the budget cuts.

After considering the above facts, the superior court issued a temporary order, dated August 6, 1991, granting the plaintiff injunctive relief and awarding him back pay and attorney fees. On August 29, the superior court issued a second order consolidating the August 6 temporary hearing for injunctive relief with the hearing on the merits pursuant to SUPER. CT. R. 161(b)(2). Thus, the August 6 order was made permanent. On appeal, the defendants assert that the superior court violated their procedural due process rights when it consolidated the temporary hearing for injunctive relief with the hearing on the merits, and that the superior court erred when it found that RSA 91-A:3 (1990) (current version at RSA 91-A:3 (Supp. 1991)), which covers executive sessions, was violated.

We first turn to the defendant's claim that the superior court violated their procedural due process rights. The defendants argue that because they were not given notice until August 29, 1991, that the August 6, 1991, hearing, which was conducted on offers of proof, would be final, they were denied an opportunity to fully present their case at the August 6 hearing in violation of procedural due process.

■■ We hold that the defendants have failed to preserve this issue for appeal. A party who fails to object to the superior court's consolidation of a hearing waives the right to object on appeal. *Uni-First Corp. v. City of Nashua*, 130 N.H. 11, 13, 533 A.2d 372, 374 (1987). As the plaintiff correctly points out in his brief, the final pleading filed by the defendants at the superior court was filed *before* the August 29 order consolidating the hearings. This is troublesome in light of the following passage from the August 29 order:

> "To the extent that the Court may be in error [in consolidating the hearing], the defendants [may] file an appropriate pleading for further hearing setting forth in specific terms, evidence to be produced at such hearing which they were not able or prepared to produce at the prior hearing. If the Court concludes that the defendants have been denied a full and fair hearing, an additional hearing will be scheduled. Pending further ruling, the Court's initial ruling remains in full force and effect."

In spite of this invitation, the defendants presented no pleading in response to the superior court's order of August 29. Instead, they object for the first time on appeal to this court. Under these circumstances, they have failed to preserve the issue for appeal.

Next, the defendants claim that the superior court erred in finding that RSA 91-A:3, II(a), was violated when the defendants failed to

notify the plaintiff that his termination might be considered in executive session at the June 17, 1991 selectmen's meeting. As noted earlier, the plaintiff had no information concerning the meeting's agenda beyond the public notice that the "selectmen may go into executive session."

RSA 91-A:3 sets out the requirements for calling an executive session under the Right-to-Know Law. It provides in relevant part:

"I. Bodies or agencies may meet in executive session for deliberations only after a majority vote of members present, which shall be recorded in the minutes of the meeting. All sessions at which information, evidence or testimony in any form is received, except as provided in paragraph II, shall be open to the public. No ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official actions shall be finally approved in executive session except as provided in paragraph II. The record of all actions shall be available for public inspection promptly, except as provided in paragraph II.

II. A body or agency may exclude the public only if a recorded roll call vote is taken to go into executive session. The matters discussed during the executive session shall be confined to the matters stated in the motion. A motion to go into executive session stating which exemption under this paragraph is claimed shall be made only when the body or agency is considering or acting upon the following matters:

(a) The dismissal, promotion or compensation of any public employee or the disciplining of such employee, or the investigation of any charges against him, *unless the employee affected requests an open meeting. . . .*"

RSA 91-A:3 (1990) (emphasis added). The defendants argue that the statute did not explicitly create an affirmative duty for them to inform the plaintiff that a motion would be made to consider his termination in executive session. Thus, they conclude, personal notice was not required.

■ We disagree. RSA 91-A:3, II(a), is grounded in "a legislative concern for protecting the public employee from improper official conduct by compelling the government to make public the considerations on which its actions are based." *Stoneman v. Tamworth School Dist.*, 114 N.H. 371, 374, 320 A.2d 657, 660 (1974). Clearly, an employee's right to "compel" public discussion of his or her termination

is rendered meaningless if the employee does not get an opportunity to exercise this right. Because it would be unreasonable to expect public employees to attend every public meeting in which their termination could conceivably be considered, we hold that under RSA 91-A:3, II(a), a governmental body may not move to go into executive session for the purpose of considering the termination of a public employee unless it has previously put that employee on notice that such a motion would be made.

*Affirmed.*

All concurred.