Grafton
No. 93-241

JOHN VOELBEL

v.

TOWN OF BRIDGEWATER

November 21, 1995

*Law Office of K. William Clauson*, of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Nighswander, Martin & Mitchell, P.A.*, of Laconia (*Walter L. Mitchell* and *Timothy Bates* on the brief, and *Mr. Bates* orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J. The defendant, the Town of Bridgewater (town), appeals the Superior Court's (*Fauver*, J.) grant of attorney's fees to the plaintiff, John Voelbel. We reverse.

Without prior notice, the town selectmen terminated the plaintiff from his position as police chief. In response, the plaintiff sued the town in superior court. *See* RSA 105:2-a (1990). Following this court's decision in *Johnson v. Nash*, 135 N.H. 534, 608 A.2d 200 (1992), the plaintiff moved for summary judgment, arguing that the lack of prior notice of his termination violated New Hampshire's Right-To-Know Law. *See* RSA 91-A:3, II(a) (1990). The superior court agreed and, after a hearing, ordered the plaintiff's reinstatement. Citing *Bradbury v. Shaw*, 116 N.H. 388, 360 A.2d 123 (1976), the court also awarded the plaintiff his attorney's reasonable fees. The town appealed; we accepted only its appeal of the award of attorney's fees.

RSA 91-A:8 (1990) governs the award of attorney's fees when the Right-To-Know Law has been violated. Although the statute as

originally enacted mandated the award of attorney's fees in every case, subsequent amendment provided for the award of fees at the discretion of the trial court. *Compare* Laws 1973, 113:1 *with* Laws 1977, 540:6. Prior to the violation here, the statute was again amended to prohibit the award of attorney's fees "unless the court finds that the body, agency or person knew or should have known that the conduct engaged in was a violation of this chapter." RSA 91-A:8; *see* Laws 1986, 83:7. Consequently, only if the town knew or should have known that the plaintiff was entitled to prior notice of his termination would the award of attorney's fees be proper.

The trial court found that the selectmen consulted with town counsel about what procedure should be followed before dismissing the plaintiff and that, to the extent relevant, they followed that advice. It also found that prior to our decision in *Johnson v. Nash*, "it was not generally understood among municipal law practitioners in New Hampshire that the provisions of RSA 91-A:3, II(a) required advance notice to an employee that his or her dismissal would be considered in executive session." Moreover, the trial court found that the town acted in good faith, and that the violation of the Right-To-Know Law was not obvious, deliberate, or willful.

These factual findings fail to support the award of attorney's fees. Although the trial court cited *Bradbury v. Shaw* in support of the award, that decision was based on the original version of the statute, which mandated an award of attorney's fees whenever the Right-To-Know Law was violated. *See* Laws 1973, 113:1.

Nor do the cases cited by the plaintiff, *Silva v. Botsch*, 121 N.H. 1041, 437 A.2d 313 (1981), and *Foster v. Town of Hudson*, 122 N.H. 150, 441 A.2d 1183 (1982), sustain the award of attorney's fees. Neither case dealt with the Right-To-Know Law, which has its own statutory directive regarding attorney's fees. Rather, they each dealt with the award of attorney's fees to a public servant under common law principles, which do not apply here. Accordingly, we reverse.

*Reversed.*

JOHNSON and BRODERICK, JJ., did not sit; BATCHELDER, J., retired, sat by special assignment under RSA 490:3; all who sat concurred.