Grafton
No. 95-573

JOHN VOELBEL

v.

TOWN OF BRIDGEWATER

April 11, 1997

*Law Office of K. William Clauson*, of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Mitchell & Bates, P.A.*, of Laconia (*Walter L. Mitchell* and *Timothy Bates* on the brief, and *Mr. Bates* orally), for the defendant.

MEMORANDUM OPINION

THAYER, J. The defendant, Town of Bridgewater (town), appeals the Superior Court's (*Smith*, J.) order granting reinstatement and back pay to the plaintiff, John Voelbel. We vacate and remand.

In March 1991, the town selectmen voted to dismiss the plaintiff from his position as police chief. The plaintiff challenged the decision in the superior court, *see* RSA 105:2-a (Supp. 1996), and subsequently filed additional pleadings alleging a Right-To-Know Law violation, *see* RSA 91-A:3, II(a) (1990). The Superior Court (*Fauver*, J.) granted summary judgment to the plaintiff on the Right-To-Know Law violation, awarded back wages and attorney's fees, and ordered his reinstatement as police chief. The defendant appealed to this court.

While the defendant's appeal was pending, the selectmen voted a second time to dismiss the plaintiff as of April 28, 1993. The plaintiff attempted to challenge this second dismissal, not by a separate action in the superior court, but by filing an untimely motion to amend his previous pleadings. The superior court denied the motion.

We declined to accept the defendant's appeal of the Right-To-Know Law violation but accepted and subsequently reversed the superior court's grant of attorney's fees. *See Voelbel v. Town of Bridgewater*, 140 N.H. 446, 447-48, 667 A.2d 1028, 1029 (1995). Consequently, the plaintiff petitioned the superior court seeking, among other things, a hearing to determine back pay and enforcement of the prior reinstatement order. Although a challenge to the validity of the board's second dismissal was time barred under RSA 105:2-a, the plaintiff nevertheless argued the invalidity of the second dismissal at a hearing in June 1995. The superior court concluded that the second dismissal was invalid and ineffective, reasoning that the plaintiff had never been reinstated because of the defendant's earlier appeal to this court; hence the selectmen could not terminate the plaintiff from a position he did not occupy at the time of the second dismissal. The superior court ordered the defendant to reinstate the plaintiff as police chief and pay him back wages from March 8, 1991, to July 21, 1995. This appeal followed.

On appeal, the defendant argues that the plaintiff lost his right to dispute the second dismissal's validity because he failed to timely challenge it and, alternatively, that the selectmen's second attempt at dismissing the plaintiff was valid. Because we find the defendant's first contention dispositive, we need not address its second argument.

RSA 105:2-a provides that a police chief "shall be entitled to a hearing, on the merits and reasonableness of [the dismissal], in superior court in the county in which the municipality is located, *provided that he petitions the clerk of the superior court for such a hearing within 10 days of his suspension or dismissal.*" (Emphasis added.) Pursuant to our rule of strict adherence to statutory time

restrictions, a party's failure to file a timely statutory challenge results in the superior court lacking jurisdiction. *See Dermody v. Town of Gilford*, 137 N.H. 294, 296, 627 A.2d 570, 571 (1993). The selectmen voted to dismiss the plaintiff as of April 28, 1993. The plaintiff sought to challenge his dismissal in a motion to amend filed on May 17, 1993, nineteen days after the second dismissal. The plaintiff lost his right to dispute the validity or effectiveness of the selectmen's action because he petitioned the superior court for a hearing more than ten days after the dismissal. Accordingly, the superior court improperly decided the validity of the second dismissal because the issue, as the defendant argued, was not properly before the court. We vacate and remand for calculation of back pay owed to the plaintiff in light of this opinion. The relevant time period for calculating back pay is March 8, 1991, to April 28, 1993.

We note that the plaintiff now argues that he petitioned the superior court on April 26, 1993, for a hearing on the validity of his second dismissal. This argument is not supported by the record before us as, among other things, there is no evidence that the superior court received the petition and treated the petition as sufficient under RSA 105:2-a. Accordingly, we are not persuaded by the plaintiff's argument.

*Vacated and remanded.*

JOHNSON, J., did not sit; the others concurred.