Merrimack
No. 95-882

NEW HAMPSHIRE CHALLENGE, INC. *& a.*

v.

COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF EDUCATION *& a.*

August 11, 1997

*Disabilities Rights Center, Inc.*, of Concord (*Ronald K. Lospennato* on the brief and orally), for the plaintiffs.

*Jeffrey R. Howard*, attorney general (*Ann F. Larney*, assistant attorney general, on the brief, and *Lucy C. Hodder*, assistant attorney general, orally), for the defendants.

HORTON, J. Ruling on a petition brought under New Hampshire's Right-to-Know Law, *see* RSA ch. 91-A (1990 & Supp. 1996), the Superior Court (*Manias*, J.) concluded that: (1) the plaintiffs, New Hampshire Challenge, Inc. and Disabilities Rights Center, Inc., were entitled to certain documents requested from the defendants, the commissioner of the New Hampshire Department of Education and the New Hampshire Board of Education; and (2) the plaintiffs were not entitled to attorney's fees under RSA 91-A:8, I (1990). The plaintiffs appeal the denial of their request for attorney's fees. We reverse and remand.

In January 1995, the board of education established a task force to review special education laws and policy in the State. The task force was divided into five subcommittees, whose responsibilities included producing reports concerning recommended changes in various aspects of special education. Each subcommittee submitted its report to the task force in July 1995.

On September 29, 1995, the attorney for the plaintiffs wrote to the defendants requesting access to records related to the task force. *See* RSA 91-A:4, IV (1990). The parties essentially agree that the plaintiffs' request encompassed two general classes of documents: (1) written communications between and among task force participants, members of the board of education, and employees of the department of education concerning task force activities; and (2) reports and documents, including drafts, generated by the subcommittees in developing their recommendations to the task force.

On October 11, 1995, the defendants responded to the plaintiffs' request without providing any records. *Cf. id.* (directing public body

or agency to respond "within 5 business days of request"). The defendants stated that the "Department of Justice has advised us that RSA 91-A:4 does not apply to internal draft documents but applies only to completed documents." After receiving no additional response from the defendants, the plaintiffs, on October 23, 1995, filed a petition in superior court to obtain the requested records. *See* RSA 91-A:7 (1990).

On November 7, 1995, the plaintiffs received a draft of the task force's report, which, the superior court determined, "incorporated in some form" the final recommendations of the subcommittees. On November 16, 1995, the defendants provided a further response to the plaintiffs' request and produced documents responsive to one part of that request: documents evidencing written communications between and among specified persons concerning activities of the task force. The defendants' attorney acknowledged that the defendants' letter of October 11 "did not really address" that aspect of the plaintiffs' request. The defendants, however, maintained their "position that 'works in progress,' drafts, or preliminary ideas which represent the thought process or decision making process of a government board or agency [are] not subject to" disclosure under RSA chapter 91-A.

In their subsequent response to the petition, the defendants challenged disclosure of the draft documents and asserted that the portion of the request concerning written communications had been "inadvertently overlooked initially." Accordingly, the principal area of continuing dispute concerned the reports developed by the subcommittees of the task force. During the hearing on the petition, the defendants' attorney explained that the inadvertence with respect to the communications documents resulted from the defendants' primary focus on objecting to disclosure of the reports of the subcommittees.

Rejecting the defendants' position that the subcommittee reports were exempt from disclosure, the superior court granted the plaintiffs' petition. As to the plaintiffs' request for attorney's fees, the court reasoned:

> In this case, the defendants refused the [plaintiffs'] request for the subcommittees' reports on the advice of the Department of Justice. The Court finds that the defendants' delay in providing the other requested materials to the [plaintiffs] was due to inadvertence. Thus, the defendants' conduct does not rise to the level of "knowing violation" and attorney's fees are not proper in this case.

The plaintiffs appeal the ruling on attorney's fees, arguing that the court erred: (1) in holding that inadvertence justifies a denial of attorney's fees; (2) in finding that the defendants' failure to promptly provide requested documents was, in fact, inadvertent; and (3) in failing to conclude that the defendants' dilatoriness in responding and complying, especially as to the communications documents, *see* RSA 91-A:4, IV, required an award of attorney's fees.

█ The interpretation of a statute, including the Right-to-Know Law, "is to be decided ultimately by this court." *Union Leader Corp. v. City of Nashua*, 141 N.H. 473, 475, 686 A.2d 310, 312 (1996) (quotation omitted). The superior court's legal conclusions and its application of law to fact are ultimately questions for this court. *Fleet Bank-N.H. v. Chain Constr. Corp.*, 138 N.H. 136, 139, 635 A.2d 1348, 1350 (1993).

The provision of the Right-to-Know Law concerning the award of attorney's fees states:

> If any body or agency or employee or member thereof, in violation of the provisions of this chapter, refuses to provide a public record or refuses access to a public proceeding to a person who reasonably requests the same, such body, agency, or person shall be liable for reasonable attorney's fees and costs incurred in a lawsuit under this chapter provided that the court finds that such lawsuit was necessary in order to make the information available or the proceeding open to the public. Fees shall not be awarded unless the court finds that the body, agency, or person knew or should have known that the conduct engaged in was a violation of this chapter . . . .

RSA 91-A:8, I.

Accordingly, an award of attorney's fees requires two findings by the superior court: (1) that the plaintiff's lawsuit was necessary to make the information available; and (2) that the defendant knew or should have known that its conduct violated the statute. In this case, the record indicates that the defendants provided the communications documents only *after* the plaintiffs' petition was filed and that they maintained their opposition to disclosing the subcommittees' drafts and reports until the ruling on the plaintiffs' petition; the superior court, however, never addressed whether the plaintiffs' lawsuit was *necessary* to obtain the requested records. Furthermore, the court denied attorney's fees based on a conclusion that the

defendants' conduct was not a "knowing violation," and failed to analyze whether the defendants *should have known* that their conduct violated the statute. *See* RSA 91-A:8, I.

■■ We hold that the superior court utilized an incorrect legal standard in resolving the plaintiffs' request for attorney's fees. As to the plaintiffs' remaining arguments, we agree that the word "shall" in the statutory provision concerning attorney's fees, *see id.*, acts as a mandate if the necessary findings to support an award of attorney's fees are made. *See City of Manchester v. Doucet*, 133 N.H. 680, 683, 582 A.2d 288, 290 (1990) ("shall" is a statutory command, requiring mandatory enforcement). The record, however, provides us with no basis to question the superior court's characterization of the defendants' conduct as inadvertent or to determine, in the first instance, whether the defendants' alleged inadvertence and delayed responses require an award of attorney's fees.

Accordingly, we reverse and remand for proceedings consistent with this opinion, including determinations concerning the necessity of the plaintiffs' lawsuit and the significance, under the "should have known" standard, of the defendants' alleged inadvertence with respect to the communications documents and their reliance on legal advice as to the subcommittees' drafts and reports, *cf. Voelbel v. Town of Bridgewater*, 140 N.H. 446, 448, 667 A.2d 1028, 1029 (1995). Should there be a resulting award, it should be tailored to properly reflect the attorney's fees incurred in relation to the conduct giving rise to the award. We leave it to the trial court on remand to determine whether it can make the findings and rulings required in light of this opinion on the record before it, or whether it will require additional evidence from the parties.

*Reversed and remanded.*

All concurred.