McManus v. Cheshire County, NH          CV-96-223-SD 01/12/98
               UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


<u>Patrick F. McManus</u>


      v.                              Civil No. 96-223-SD


<u>Cheshire County, New Hampshire</u>



                          O R D E R


      In the order dated November 24, 1997, the court found
sufficient evidence that Cheshire County violated the state
right-to-know law, New Hampshire Revised Statutes Annotated (RSA)
91-A:3, under which "a governmental body may not move to go into
executive session for the purpose of considering the termination
of a public employee unless it has previously put that employee
on notice that such a motion would be made." <u>Johnson v. Nash</u>,
135 N.H. 534, 538 (1992).  The court found sufficient evidence
that the Commissioners met in August to consider terminating
McManus without providing him notice of the meeting.

      Cheshire County requests reconsideration on the ground that
the right-to-know statute was amended after the New Hampshire
Supreme Court's decision in <u>Johnson</u>.  The <u>Johnson</u> notice
requirement previously applied to all public employees, but the

amended statute mandates notice only for public employees who have "a right to a meeting." Unlike police chiefs (RSA 41:48) and teachers (RSA 189:13), county nursing home administrators, such as McManus, do not have a statutory right to a pre-termination meeting under New Hampshire law. However, as a tenured public employee, McManus had a constitutional right to a pre-termination meeting under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). The issue becomes whether "a right to a meeting" refers exclusively to a statutory right, or whether a constitutional right is sufficient.

This court believes that the phrase "a right to a meeting" refers to either a statutory or a constitutional right. A tenured public employee's right to a pre-termination meeting originates in the Constitution, and that right owes nothing to its recognition in state statutory law. A public employee's statutory right to a meeting is derivative of his or her primary constitutional right. Thus, the amended statute's reference to "a right to a meeting" is more likely to the primary constitutional right, rather than the secondary statutory right. Since McManus had a constitutional right to a meeting, he was entitled to notice under the amended "right to know" statute.

## Conclusion

In response to defendant's motion for clarification, the court stands by its original ruling that summary judgment must be denied as to Count VII.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 7, 1998

cc:   Jonathan S. Springer, Esq.
      Donald E. Gardner, Esq.
      Kathleen C. Peahl, Esq.
      Attorney General - NH