Grafton
No. 98-052

JOHN VOELBEL

v.

TOWN OF BRIDGEWATER

December 30, 1999

*Clauson & Atwood,* of Hanover (*Bradford T. Atwood* on the brief, and *K. William Clauson* orally), for the plaintiff.

*Mitchell & Bates, P.A.,* of Laconia (*Walter L. Mitchell* and *Timothy Bates* on the brief, and *Mr. Bates* orally), for the defendant.

THAYER, J. The plaintiff, John Voelbel, appeals the Superior Court's (*Smith,* J.) order granting defendant Town of Bridgewater's motion for summary judgment on the plaintiff's defamation claims, and dismissing his claim under RSA 105:2-a (Supp. 1999) for wrongful discharge. We affirm.

We have previously set forth the relevant facts, *see Voelbel v. Town of Bridgewater,* 141 N.H. 724, 692 A.2d 512 (1997) (*Voelbel II*);

*Voelbel v. Town of Bridgewater*, 140 N.H. 446, 667 A.2d 1028 (1995) (*Voelbel I*), and therefore need not repeat them fully here. In summary, the town discharged the plaintiff from his position as chief of police. He sought damages under RSA 105:2-a and RSA chapter 91-A (1990 & Supp. 1991) (current version at RSA chapter 91-A (1990 & Supp. 1999)), and for defamation. In *Voelbel I*, we reversed his award of attorney's fees under RSA chapter 91-A. In *Voelbel II*, we vacated and remanded for calculation of back pay.

After we vacated and remanded in *Voelbel II*, the parties resolved the issue regarding the plaintiff's back pay. The superior court then addressed the plaintiff's remaining claims. The court granted summary judgment to the defendant on the plaintiff's defamation claim, which arose from, *inter alia*, statements made by a selectman at a 1991 town meeting regarding his dismissal. The court also granted the defendant's motion *in limine*, which we will treat as a motion to dismiss, on the plaintiff's wrongful discharge claim under RSA 105:2-a.

On appeal, the plaintiff argues that the trial court erred: (1) in ruling that the selectman was entitled to absolute immunity for statements he made at the town meeting; and (2) in dismissing his wrongful discharge claim after having previously granted relief on his claim under RSA chapter 91-A. *See Voelbel I*, 140 N.H. at 447, 667 A.2d at 1029.

■■ The scope of immunity afforded participants in local legislative assemblies is a matter of first impression. We have previously held that municipal zoning boards of adjustment are quasi-judicial in nature, and thus statements made before such boards should be afforded qualified immunity. *See Supry v. Bolduc*, 112 N.H. 274, 276-77, 293 A.2d 767, 769 (1972). We need not decide whether the selectman's comments at the 1991 town meeting regarding the plaintiff's dismissal as police chief were defamatory because, even assuming that they were, we conclude that the sounder rule of law favors granting municipal officials, acting in a legislative capacity, absolute immunity for their comments made during a town meeting regarding town matters. *See, e.g., Sanchez v. Coxon*, 854 P.2d 126, 128-30 (Ariz. 1993) (en banc); *Chonich v. Ford*, 321 N.W.2d 693, 697 (Mich. Ct. App. 1982). As Chief Judge Learned Hand explained:

> It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries

he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

*Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949 (1950). Although the plaintiff argues that his dismissal was not listed as a subject on the town meeting warrant, the selectman's comments were made at the town meeting, involved issues arising from the selectman's duties, related to a matter of local importance, and involved a matter properly before the town meeting. Accordingly, we hold that on these facts, the selectman's statements were absolutely privileged.

■ The trial court also properly dismissed the plaintiff's claim under RSA 105:2-a. The plaintiff desired a hearing on his RSA 105:2-a claim to establish a basis for recovering attorney's fees. The plaintiff sought attorney's fees under RSA 105:2-a and RSA chapter 91-A. Upon prevailing on his RSA chapter 91-A claim, he was awarded attorney's fees, which this court later reversed, *see Voelbel I*, 140 N.H. at 447-48, 667 A.2d at 1029, back pay, and reinstatement. On remand, the trial court awarded the plaintiff back pay and ordered him reinstated, but it did not award him attorney's fees. *See Voelbel II*, 141 N.H. at 725, 692 A.2d at 513. The defendant appealed from the trial court's decision; the plaintiff did not cross-appeal. Because the plaintiff did not cross-appeal, we hold that the plaintiff

has waived any claim he may have had to attorney's fees under RSA 105:2-a because he did not pursue the claim on appeal in *Voelbel II. Cf. Unit Owners Assoc. of Summit Vista v. Miller*, 141 N.H. 39, 43, 677 A.2d 138, 141 (1996) (deeming issue waived because party failed to raise issue in notice of cross-appeal). We therefore affirm the dismissal of the RSA 105:2-a claim.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.