Merrimack
No. 98-255

HENRY F. GOODE, JR.

v.

NEW HAMPSHIRE OFFICE OF THE LEGISLATIVE
BUDGET ASSISTANT & a.

December 5, 2000

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*John A. Curran* on the brief and orally), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Daniel J. Mullen*, senior assistant attorney general, on the brief and orally), for the defendants.

BROCK, C.J. The petitioner, Henry F. Goode, Jr., appeals an order of the Superior Court (*McGuire*, J.) partially denying his petition for materials under RSA chapter 91-A, the Right-to-Know Law. *See* RSA ch. 91-A (1990 & Supp. 1999). The defendants are Michael L. Buckley, the State's acting legislative budget assistant and director of audits; the State's office of the legislative budget assistant; and the State of New Hampshire. We affirm in part, reverse in part, and remand.

The trial court found the following facts. In 1993, the office of the legislative budget assistant (LBA) completed an audit of the New Hampshire Property and Casualty Loss Program, which was managed by the plaintiff in his capacity as risk management administrator. The audit generated a seventy-two-page report that was critical of the program's performance and, by implication, that of the plaintiff. The plaintiff alleges that the report prompted his resignation as risk management administrator and permanently damaged his professional reputation.

On April 15, 1997, the plaintiff requested, pursuant to RSA chapter 91-A, disclosure of documentation and materials used to conduct the audit and prepare the report. His request sought "data and documentation related to insurance industry standards, specific insurance policies, model risk management programs, expenditures, premiums, claims, and other materials" to which the report referred. These documents were not attached to the report. The LBA denied the plaintiff's document request orally on May 5, and in writing on July 1.

On June 20, the plaintiff filed a petition for injunctive relief, seeking the previously requested materials and attorney's fees. *See* RSA 91-A:8 (1990). The trial court granted the petition in part and denied it in part, concluding that the preliminary materials retained in preparation of the report were not subject to the Right-to-Know Law, but that the materials specifically referenced in the report were. The trial court reasoned that RSA 91-A:4, IV "impliedly exempts [the] preliminary materials . . . because it provides that public agencies must make available for inspection and copying 'any public record within its files' when such files are immediately available for such release.'" The court further reasoned that the preliminary materials "used in preparing final reports are generally not in final form and are not intended to be 'available for release.'" The trial court also denied the plaintiff's request for attorney's fees.

In January and February 1998, the plaintiff filed a motion for reconsideration and clarification and two supplements to the motion, in which he noted, among other things, that the parties disagreed

"as to the language, intent, and scope of the [trial court's] order." He stated that while he interpreted the order to require disclosure of internal memoranda and audit report drafts, the State disagreed. The trial court denied the motion and concluded that the State was not required to disclose internal memoranda and audit report drafts.

On appeal, the plaintiff argues that the trial court erred in: (1) denying him access to materials prepared for, but not expressly incorporated in, the final audit report; and (2) denying his request for attorney's fees.

"The interpretation of a statute, including the Right-to-Know Law, is to be decided ultimately by this court." *N.H. Challenge v. Commissioner, N.H. Dep't of Educ.*, 142 N.H. 246, 249, 698 A.2d 1252, 1253 (1997) (quotation omitted). "The ordinary rules of statutory construction apply to our review of the Right-to-Know Law, and we accordingly look to the plain meaning of the words used." *Union Leader Corp. v. City of Nashua*, 141 N.H. 473, 475, 686 A.2d 310, 312 (1996). "We resolve questions regarding the law with a view to providing the utmost information in order to best effectuate the statutory and constitutional objective of facilitating access to all public documents." *Union Leader Corp. v. N.H. Housing Fin. Auth.*, 142 N.H. 540, 546, 705 A.2d 725, 730 (1997) (citation omitted). As a result, "we broadly construe provisions favoring disclosure and interpret the exemptions restrictively." *Id.*

RSA 91-A:4, IV provides that "[e]ach public body or agency shall, upon request for any public record reasonably described, make available for inspection and copying any such public record within its files when such records are immediately available for such release." RSA 91-A:4, IV (1990). The trial court interpreted this provision as impliedly exempting the preliminary materials and draft audit reports from disclosure because they were "not in final form and [therefore] not intended to be available for release." It then balanced the benefits of disclosure to the public against the benefits of non-disclosure to the government. *Cf. N.H. Housing Fin. Auth.*, 142 N.H. at 553- 54, 705 A.2d at 734.

We disagree with the trial court's interpretation of RSA 91-A:4, IV. RSA 91-A:4, IV does not exempt records simply because they are not in their final form. The plain meaning of "immediately available for release" does not imply that records must be in final form to be disclosed. In the context of this section of the statute, a record's immediate availability for release merely requires that the record be made available upon request. *See* RSA 91-A:4, IV. If a

record has been requested, but it is not available for immediate release, the agency has five days to make it available or give some other written response. *See id.* Thus, in this context, the immediate availability of documents has nothing to do with *whether* a document must be provided, but *when* it must be provided. Our conclusion is consistent with RSA 91-A:4, II (1990), which provides for the disclosure of "all notes, materials, tapes or other sources used for compiling the minutes of [agency] meetings." Like the preliminary materials used to prepare the final audit report, notes used to compile meeting minutes are not in their "final form."

■ We note that the trial court erred in looking to the federal Freedom of Information Act, 5 U.S.C.A. § 552 (West 1996 & Supp. 2000), and analogous statutes in other States to support its conclusion that RSA 91-A:4, IV exempts preliminary draft materials. The federal act exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C.A. § 552(b)(5) (West 1996). Many state statutes mirror the federal exemption, and some also exempt preliminary drafts and notes. *See, e.g.,* Conn. Gen. Stat. Ann. § 1-210(b)(1) (West Supp. 2000); R.I. Gen. Laws § 38-2-2(4)(i)(K) (Supp. 1999); Andrea G. Nadel, Annotation, *What Constitutes Preliminary Drafts or Notes Provided by or for State or Local Governmental Agency, or Intra-Agency Memorandums, Exempt from Disclosure or Inspection Under State Freedom of Information Acts,* 26 A.L.R. 4TH 639, 643-44 (1983). RSA chapter 91-A, however, contains no such exemptions and therefore statutes and case law from other jurisdictions interpreting these exemptions are not persuasive.

On remand, the LBA may argue that some other statutory exemption, such as that for confidential information, RSA 91-A:5, IV (Supp. 1999), applies to the preliminary draft documents. If the LBA makes such an argument on remand, the trial court after conducting an *in camera* review of either the documents or a *Vaughn* index of them, should weigh the public's interest in disclosure against the government's interest in non-disclosure to determine whether the documents should be disclosed. *See N.H. Housing Fin. Auth.,* 142 N.H. at 548, 552-54, 705 A.2d at 731, 734.

We next consider whether the trial court erred in denying the plaintiff's request for attorney's fees based on the LBA's refusal to disclose documents specifically referenced in the final audit report. The plaintiff argues that the LBA's failure to respond to his request within five business days, as required by RSA 91-A:4, IV, and the

"invalid and overbroad bases" asserted by the LBA for denying the plaintiff's request for documents, warrant an award of attorney's fees.

The statute does not provide a specific remedy for untimely responses to document production requests. *See* RSA 91-A:4, IV. Furthermore, to award attorney's fees, the trial court must find that the petitioner's lawsuit was necessary to make the requested information available and that the LBA "knew or should have known that its conduct violated the statute." *N.H. Challenge*, 142 N.H. at 249, 698 A.2d at 1253-54; *see also* RSA 91-A:8. The trial court found that the lawsuit was necessary to make the information available because the LBA refused to disclose any materials requested by the plaintiff. The trial court concluded, however, that the plaintiff was not entitled to attorney's fees because "it was reasonable for the State to conclude that all of the requested materials were exempt from the Right-to-Know Law, in light of the length and detail of the final, published report, and the state of the case law."

■ We will defer to the trial court's finding of fact unless these findings are unsupported by the evidence or erroneous as a matter of law. *See Bailey v. Sommovigo*, 137 N.H. 526, 529, 631 A.2d 913, 916 (1993). Based on the record, the trial court's findings, and the law in this area, the LBA neither knew nor should have known that its conduct violated the statute. *See N.H. Challenge*, 142 N.H. at 249, 698 A.2d at 1253-54; *see also* RSA 91-A:8. Accordingly, the trial court properly denied the plaintiff's request for attorney's fees. *Cf. Voelbel v. Town of Bridgewater*, 140 N.H. 446, 448, 667 A.2d 1028, 1029 (1995). On remand, if the preliminary materials, including draft audit reports are not exempt from disclosure for some other reason, the trial court can make the necessary findings to determine whether the plaintiff is entitled to attorney's fees based upon the LBA's failure to disclose these documents.

Any remaining issues raised in the notice of appeal but not briefed are waived. *See State v. Mountjoy*, 142 N.H. 648, 652, 708 A.2d 682, 685 (1998).

*Affirmed in part; reversed in part; remanded.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.